1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

11

MICHELLE FLORES,

Case No.  1:22-cv-00694-ADA-HBK

12

Plaintiff,

FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANT DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT, AND AFFIRM THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY[1]

13

v.

14

KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,

15

16

Defendant.

(Doc. Nos.  15, 18)

17

FOURTEEN-DAY OBJECTION DEADLINE

18

19

Michelle Flores ("Plaintiff"), seeks judicial review of a final decision of the

20

Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for

21

supplemental security income under the Social Security Act.  (Doc. No. 1).  The matter is

22

currently before the undersigned on the parties' briefs, which were submitted without oral

23

argument.  (Doc. Nos. 15, 18, 20).  For the reasons stated, the undersigned RECOMMENDS

24

denying Plaintiff's motion for summary judgment, granting the Commissioner's cross-motion for

25

summary judgment, and affirming the Commissioner's decision.

26

////

27

28

---

[1]  This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(15) (E.D. Cal. 2022).

# I.   JURISDICTION

Plaintiff protectively filed for supplemental security income on June 27, 2018, alleging an onset date of January 1, 2008.  (AR 255-63).  The alleged onset date of disability was subsequently amended to June 27, 2018.  (AR 284).  Benefits were denied initially (AR 75-85, 99-102) and upon reconsideration (AR 87-97, 112-17).  Plaintiff appeared for a telephonic hearing before an administrative law judge ("ALJ") on February 22, 2021.  (AR 46-69).  Plaintiff testified at the hearing and was represented by counsel.  (*Id*.).  The ALJ denied benefits (AR 27-45) and the Appeals Council denied review (AR 6-11).  The matter is before the Court under 42 U.S.C. § 1383(c)(3).

# II.   BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and Commissioner.  Only the most pertinent facts are summarized here.

Plaintiff was 53 years old at the time of the hearing.  (*See* AR 75).  She completed eleventh grade and attended special education classes.  (AR 296).  Plaintiff lives alone in an apartment.  (AR 53).  She has no past relevant work history.  (AR 63).  Plaintiff testified that she cannot work full-time because of back pain, swollen legs, carpal tunnel, arthritis, and bad vision.  (AR 54-55).  She reported that she can stand for 15 minutes at a time, has "a real hard time sitting" because her back is constantly in pain, and lays down for most of the day with her feet elevated.  (AR 55, 60).  Plaintiff testified that she has low mood, low energy, depression, and she sleeps a lot.  (AR 58-59).

# III.   STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Id*. at 1159 (quotation and citation omitted).  Stated differently, substantial evidence

1   equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and

2   citation omitted).  In determining whether the standard has been satisfied, a reviewing court must

3   consider the entire record as a whole rather than searching for supporting evidence in isolation.

4   *Id.*

5          In reviewing a denial of benefits, a district court may not substitute its judgment for that of

6   the Commissioner.  "The court will uphold the ALJ's conclusion when the evidence is susceptible

7   to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir.

8   2008).  Further, a district court will not reverse an ALJ's decision on account of an error that is

9   harmless.  *Id.*  An error is harmless where it is "inconsequential to the [ALJ's] ultimate

10  nondisability determination." *Id.* (quotation and citation omitted).  The party appealing the ALJ's

11  decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556

12  U.S. 396, 409-10 (2009).

### IV.     FIVE-STEP SEQUENTIAL EVALUATION PROCESS

14         A claimant must satisfy two conditions to be considered "disabled" within the meaning of

15  the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful

16  activity by reason of any medically determinable physical or mental impairment which can be

17  expected to result in death or which has lasted or can be expected to last for a continuous period

18  of not less than twelve months."  42 U.S.C. § 1382c(a)(3)(A).  Second, the claimant's impairment

19  must be "of such severity that he is not only unable to do his previous work[,] but cannot,

20  considering his age, education, and work experience, engage in any other kind of substantial

21  gainful work which exists in the national economy."  42 U.S.C. § 1382c(a)(3)(B).

22         The Commissioner has established a five-step sequential analysis to determine whether a

23  claimant satisfies the above criteria.  *See* 20 C.F.R. § 416.920(a)(4)(i)-(v).  At step one, the

24  Commissioner considers the claimant's work activity.  20 C.F.R. § 416.920(a)(4)(i).  If the

25  claimant is engaged in "substantial gainful activity," the Commissioner must find that the

26  claimant is not disabled.  20 C.F.R. § 416.920(b).

27         If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step

28  two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20

1   C.F.R. § 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of

2   impairments which significantly limits [his or her] physical or mental ability to do basic work

3   activities," the analysis proceeds to step three.  20 C.F.R. § 416.920(c).  If the claimant's

4   impairment does not satisfy this severity threshold, however, the Commissioner must find that the

5   claimant is not disabled.  20 C.F.R. § 416.920(c).

6          At step three, the Commissioner compares the claimant's impairment to severe

7   impairments recognized by the Commissioner to be so severe as to preclude a person from

8   engaging in substantial gainful activity.  20 C.F.R. § 416.920(a)(4)(iii).  If the impairment is as

9   severe or more severe than one of the enumerated impairments, the Commissioner must find the

10  claimant disabled and award benefits.  20 C.F.R. § 416.920(d).

11         If the severity of the claimant's impairment does not meet or exceed the severity of the

12  enumerated impairments, the Commissioner must pause to assess the claimant's "residual

13  functional capacity."  Residual functional capacity (RFC), defined generally as the claimant's

14  ability to perform physical and mental work activities on a sustained basis despite his or her

15  limitations, 20 C.F.R. § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

16         At step four, the Commissioner considers whether, in view of the claimant's RFC, the

17  claimant is capable of performing work that he or she has performed in the past (past relevant

18  work).  20 C.F.R. § 416.920(a)(4)(iv).  If the claimant is capable of performing past relevant

19  work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 416.920(f).  If

20  the claimant is incapable of performing such work, the analysis proceeds to step five.

21  At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is

22  capable of performing other work in the national economy.  20 C.F.R. § 416.920(a)(4)(v).  In

23  making this determination, the Commissioner must also consider vocational factors such as the

24  claimant's age, education, and past work experience.  20 C.F.R. § 416.920(a)(4)(v).  If the

25  claimant is capable of adjusting to other work, the Commissioner must find that the claimant is

26  not disabled.  20 C.F.R. § 416.920(g)(1).  If the claimant is not capable of adjusting to other work,

27  analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.

28  20 C.F.R. § 416.920(g)(1).

1    The claimant bears the burden of proof at steps one through four above.  *Tackett v. Apfel*,

2    180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to step five, the burden shifts to the

3    Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such

4    work "exists in significant numbers in the national economy."  20 C.F.R. § 416.960(c)(2); *Beltran*

5    *v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

6                        **V.    ALJ'S FINDINGS**

7    At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity

8    since June 27, 2018, the application date.  (AR 33).  At step two, the ALJ found that Plaintiff has

9    the following severe impairments: degenerative disc disease; hypertension; and circulatory

10   disease.  (AR 33).  At step three, the ALJ found that Plaintiff does not have an impairment or

11   combination of impairments that meets or medically equals the severity of a listed impairment.

12   (AR 35).  The ALJ then found that Plaintiff has the RFC to

13                perform light work as defined in 20 CFR 416.967(b) except as
             follows. The claimant can lift and carry twenty pounds occasionally
14           and ten pounds frequently.  She can stand and/or walk for about six
             hours and sit for about six hours in an eight-hour workday.  She can
15           never climb ladders, ropes, or scaffolds.  She can frequently climb
             ramps and stairs.  She can occasionally stoop and crouch.  She can
16           frequently kneel and crawl.  She can never work around unprotected
             heights and heavy machinery.
17

18   (AR 36).  At step four, the ALJ found that Plaintiff has no past relevant work.  (AR 39).  At step

19   five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there

20   are jobs that exist in significant numbers in the national economy that Plaintiff can perform,

21   including cashier, cleaner-housekeeper, and office helper.  (AR 40).  On that basis, the ALJ

22   concluded that Plaintiff has not been under a disability, as defined in the Social Security Act,

23   since June 27, 2018, the date the application was filed.  (AR 40).

24                          **VI.    ISSUES**

25   Plaintiff seeks judicial review of the Commissioner's final decision denying her

26   supplemental security income benefits under Title XVI of the Social Security Act.  (Doc. No. 1).

27   Plaintiff raises the following issue for this Court's review: whether the ALJ failed to fully develop

28   the record.  (Doc. No. 15 at 9-15).

1

## VII.   DISCUSSION

2       "The ALJ in a social security case has an independent duty to fully and fairly develop the

3   record and to assure that the claimant's interests are considered," even when the claimant is

4   represented by counsel.  *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (quoting

5   *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996)) (internal quotation marks omitted).  This

6   duty is "triggered when the evidence is ambiguous or when the record is inadequate to allow for

7   proper evaluation of the evidence."  *Mayes v. Massanari*, 276 F.3d 453, 460 (9th Cir. 2001);

8   *Thomas*, 278 F.3d at 958.  However, the plaintiff bears the burden of presenting evidence in

9   support of her alleged disability.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

10      Here, Plaintiff argues that "[r]ather than craft an RFC based on the 'stale' opinion of non-

11  examining, non-reviewing state agency consultants who did not have the benefit of reviewing the

12  probative, objective medical evidence; the ALJ had a duty to develop the record with a

13  consultative physical examination."  (Doc. No. 15 at 11).  In support of this argument, Plaintiff

14  cites imaging results from November 2020 of her sacrum and coccyx that indicated "severe

15  degenerative narrowing of L5-S1 disc space and moderately severe degenerative narrowing of

16  L3-L4 and L4-L5 disc spaces"; and imaging of her lumbar spine on the same date that showed a

17  small Schmorl's node defect superior endplate of L2, minimal anterior spondylolisthesis L4 upon

18  L5, minimal convex left lumbar scoliosis, and mild chronic hypertrophic degenerative changes of

19  the facet joints at L5-S1 level.  (AR 715-16).  Plaintiff also appears to contend that the ALJ

20  improperly assessed the RFC based on her own interpretation of the imaging results, which "is

21  not enough to satisfy the ALJ's duty to support her analysis with substantial evidence."  (*Id*. at 12

22  (citing *Cortez v. Colvin*, 2016 WL 3541450, at *5 (E.D. Cal. June 24, 2016)).  Defendant argues

23  the ALJ's "evaluation of the complete record was reasonable, supported by substantial evidence,

24  and based on many findings that Plaintiff does not contest."  (Doc. No. 18 at 5).  The Court

25  agrees.

26      First, Plaintiff does not specifically argue that the ALJ improperly considered the state

27  agency opinions under the new regulations; nor does she identify any specific functional

28  limitations, based on the medical imaging results alone, that were not properly accounted for in

the assessed RFC.  *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (court may decline to address issue not raised with specificity in Plaintiff's briefing); *see also Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (where physician's report did not assign any specific limitations or opinions in relation to an ability to work, "the ALJ did not need to provide [reasons] for rejecting [the] report because the ALJ did not reject any of [the report's] conclusions").  Here, state agency medical consultants E. Wong, M.D. and K. Mohan, M.D. both opined that Plaintiff could perform light work with frequent kneeling, crawling, and climbing ramps and stairs, occasional stooping and crouching, and no climbing ladders, ropes, or scaffolds.  (AR 82-84, 93-95).  The ALJ found the opinions were persuasive because "[b]oth consultants supported their opinions with reviews of available records, and their conclusions appear consistent with the longitudinal record and examinations showing the claimant maintained a normal gait, intact strength, and generally good range of motion."  (AR 39).  While not challenged by Plaintiff, the Court notes the ALJ's finding that the state agency opinions were persuasive is supported by substantial evidence after proper consideration of the supportability and consistency factors under the new regulations.  20 C.F.R. § 416.920c(c)(1)-(2).

Second, as noted by Defendant, the RFC assessment is an administrative finding based on all relevant evidence in the record, not just medical evidence.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).  In determining the RFC, the ALJ must consider all limitations, severe and non-severe, that are credible and supported by substantial evidence in the record.  (*Id.*) (RFC determination will be affirmed if supported by substantial evidence).  However, an ALJ's RFC findings need only be consistent with relevant assessed limitations and not identical to them.  *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1222-23 (9th Cir. 2010).  Ultimately, a claimant's RFC is a matter for the ALJ to determine.  *See Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001) ("It is clear that it is the responsibility of the ALJ ... to determine residual functional capacity.").  Here, the ALJ specifically considered the imaging cited by Plaintiff that showed moderate to severe degenerative changes in Plaintiff's spine, but also noted that (1) Plaintiff's treating provider recommended only conservative treatment even after reviewing the imaging results (AR 38, 692-93, 695-96), and (2) despite these results, examination findings in treatment

1   records "did not show any significant loss of motor or sensory dysfunction." (AR 38, 349, 438,

2   461, 465-66, 699, 712). Based on the foregoing, as noted by Defendant, "Plaintiff does not

3   explain how the November 2020 imaging at issue created an ambiguous or inadequate record

4   requiring further development, or alternatively how it conflicted with Drs. Wong's and Mohan's

5   assessments." (Doc. No. 18 at 8 (citing *Mayes*, 276 F.3d at 459-60)).

6        Third, to the extent Plaintiff is arguing that the ALJ erred by failing to obtain a

7   consultative examination based on this "updated" imaging, this argument is unavailing. As

8   correctly noted by Defendant, and widely held in the Ninth Circuit, "[t]he mere existence of

9   medical records post-dating a state agency physician's review does not in and of itself trigger a

10  duty to further develop the record." (Doc. No. 18 at 7); *see Stivers v. Saul*, 2021 WL 1193794, at

11  *8 (E.D. Cal. Mar. 30, 2021) (citing *Charney v. Colvin*, 2014 WL 1152961, at *7 (C.D. Cal. Mar.

12  21, 2014), *aff'd*, 647 F. App'x 762 (9th Cir. 2016)) ("[a]n updated opinion is not required simply

13  because additional medical evidence is received after State agency consultants review a

14  claimant's case."); *Cindy T. v. Kijakazi*, 2022 WL 16633010 (S.D. Cal. Sept. 23, 2022) ("Because

15  it is Plaintiff's burden to present evidence in support of her alleged disability, the mere absence of

16  a report from a treating or examining physician does not give rise to a duty to develop the

17  record."). Here, the ALJ properly relied on two prior administrative findings, as discussed above,

18  and 400 pages of medical records and treatment notes regarding Plaintiff's claimed impairments,

19  including the imaging evidence cited by Plaintiff. Thus, the record was sufficient for the ALJ to

20  make a non-disability determination, and the ALJ did not err by failing to order a consultative

21  examination where the record was adequate and unambiguous. *See LeBeouf v. Saul*, 2020 WL

22  5702240, at *10-11 (E.D. Cal. Sept. 24, 2020) (ALJ was not required to request a consultative

23  examination in part because the "record contained what appears to be Plaintiff's complete

24  treatment records, which supported the ALJ's finding and did not present an ambiguity or

25  inadequacy.").

26       Moreover, as noted by Defendant, the ALJ held the record open for Plaintiff to

27  supplement with additional treatment records after the hearing, and those records were considered

28  by the ALJ in the decision. (Doc. No. 18 at 8-9). An ALJ can discharge his duty to develop the

1  record further by "keeping the record open after the hearing to allow supplementation of the

2  record." *Tonapetyan*, 242 F.3d at 1150; *Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir. 1989) (ALJ

3  satisfied duty to develop the record by keeping record open for supplementation); *see also*

4  *Findley v. Saul*, No. 1:18-cv-00341-BAM, 2019 WL 4072364, at *6, (E.D. Cal. Aug. 29, 2019)

5  (finding the ALJ was not obligated to further develop the record where the ALJ had complete

6  treatment records, which supported the ALJ's findings and did not present an ambiguity or

7  inadequacy).  Plaintiff bears the burden of presenting evidence in support of her alleged

8  disability; here, she had the opportunity to submit an opinion or request a consultative

9  examination and failed to do so.  *See Bayliss*, 427 F.3d at 1217; 42 U.S.C. § 423(d)(5)(A).

10         Finally, Plaintiff relies heavily on *Cortez v. Colvin* as support for her argument that the

11  ALJ had a duty to develop in the instant case.  However, as noted by Defendant, *Cortez* is

12  distinguishable because the ALJ in that case did not rely on the functional assessments of state

13  agency reviewers, and improperly credited an opinion consisting only of "diagnoses and

14  descriptions of [the medical provider's] clinical observation" with no indication of "the impact

15  those impairments had on Plaintiff's ability to work on a function-by-function basis, in a manner

16  that would provide the ALJ with sufficient medical foundation to properly consider Plaintiff's

17  RFC."  *See Cortez*, 2016 WL 3541450 at *5-6 (noting the ALJ "improperly interpreted the

18  treating records that were available and made a RFC determination based on that raw medical

19  data.").  In contrast, here, the ALJ found the state agency medical consultant's opinions

20  persuasive, a finding Plaintiff does not challenge, and properly assessed Plaintiff's RFC based on

21  those opinions and the "record as a whole."  (AR 39); *see Bayliss*, 427 F.3d at 1217.

22         Based on the foregoing, the undersigned finds the RFC was supported by substantial

23  evidence, and there was no ambiguity or deficiency in the record that would trigger the ALJ's

24  duty to develop the record.

25                          **VIII.   CONCLUSION**

26         A reviewing court should not substitute its assessment of the evidence for the ALJ's.

27  *Tackett*, 180 F.3d at 1098.  To the contrary, a reviewing court must defer to an ALJ's assessment

28  as long as it is supported by substantial evidence.  42 U.S.C. § 405(g).  As discussed in detail

above, the ALJ did not err by failing to develop the record and properly assessed the RFC.  After review, the Court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

Accordingly, it is **RECOMMENDED**:

1. Plaintiff's Motion for Summary Judgment (Doc. No. 15) be DENIED.

2. Defendant's Cross Motion for Summary Judgment (Doc. No. 18) be GRANTED.

3. The district court AFFIRM the decision of the Commissioner of Social Security for the reasons set forth above.

4. The district court direct the Clerk to enter judgment in favor of the Commissioner of Social Security, terminate any pending motions/deadlines, and close this case.

### NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).


Dated:    June 9, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE