1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MICHELLE FLORES,                          Case No.  1:22-cv-00694-ADA-HBK (SS)

12              Plaintiff,                      ORDER ADOPTING FINDINGS AND
                                                RECOMMENDATIONS, DENYING
13        v.                                    PLAINTIFF'S MOTION FOR SUMMARY
                                                JUDGMENT, GRANTING DEFENDANT'S
14   COMMISSIONER OF SOCIAL                     CROSS-MOTION FOR SUMMARY
     SECURITY,                                  JUDGMENT, AND AFFIRMING THE
15                                              DECISION OF THE COMMISSIONER OF
              Defendant.                        SOCIAL SECURITY
16
                                                (ECF Nos. 15, 18, 21)
17

18        Plaintiff Michelle Flores initiated this action seeking judicial review of a final decision of

19   the Commissioner of Social Security.  (ECF No. 1.)  This matter was referred to a United States

20   Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

21        On June 9, 2023, the Magistrate Judge issued findings and recommendations,

22   recommending that the Court deny Plaintiff's motion for summary judgment, grant Defendant's

23   cross-motion for summary judgment, and affirm the Commissioner's decision.  (ECF No. 21.)

24   The findings and recommendations contained notice that the parties had fourteen days within

25   which to file objections.  (*Id.* at 1, 10.)  On June 23, 2023, Plaintiff timely filed objections that

26   largely reiterate the arguments made in her opening brief.  (ECF No. 22.)  On July 6, 2023,

27   Defendant filed a response to Plaintiff's objections.  (ECF No. 23.)

28   ///

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a de novo review of this case. Having carefully reviewed the entire file, including Plaintiff's objections, the Court concludes that the Magistrate Judge's findings and recommendations are supported by the record and proper analysis.

In her objections, Plaintiff reiterates the argument that the ALJ had a duty to develop the record with a consultative examination because "updated medical imaging revealed a change in condition and there was no opinion of record as to how those medical imaging results would impact Plaintiff's ultimate RFC or limitations generally." (EFC No. 22 at 3.) Plaintiff further contends the Magistrate Judge should have "followed this Court's precedent" in *Fox v. Comm'r of Soc. Sec.*, No. 1:19-cv-00146-LJO-SAB, 2019 WL 6724355 (E.D. Cal. Dec. 11, 2019). (*Id.* at 4.) In *Fox*, the court found the ALJ erred because "there were objective medical testing imaging results in the record that were not analyzed by any doctor or medical expert, and no opinion as to how those medical imaging results would impact Plaintiff's ultimate RFC or limitations generally." *Fox*, 2019 WL 6724355, at *14. However, this case is distinguishable from *Fox* in that the court in *Fox* ultimately found the record was inadequate to determine how the ALJ "arrived at the conclusion that Plaintiff was capable of light work." *Id.* at *15. Here, as noted by the Magistrate Judge, the ALJ specifically considered the imaging cited by Plaintiff and noted that, even after reviewing the results, Plaintiff's treating provider recommended only conservative treatment and that further examination findings continued to show no significant loss of motor or sensory dysfunction. (ECF No. 21 at 7–8; AR 38.) Thus, Plaintiff fails to show how the imaging evidence created an inadequate record requiring further development such that it would trigger the ALJ's duty to develop the record in this case. *See Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001) (independent duty to develop the record is "triggered when the evidence is ambiguous or when the record is inadequate to allow for proper evaluation of the evidence"); *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (plaintiff bears the burden of presenting evidence in support of alleged disability).

Finally, as the Magistrate Judge noted, courts in the Eastern District have consistently held that the mere existence of medical evidence acquired after a state agency consultant's review does

1   not trigger the ALJ's duty to develop the record further.  (ECF No. 21 at 8 (citing *Stivers v. Saul*,

2   No. 1:19-cv-01110-BAM, 2021 WL 1193794, at *8 (E.D. Cal. Mar. 30, 2021); *Trevino v.*

3   *Comm'r of Soc. Sec.*, No. 1:19-cv-01632-EPG, 2021 WL 620700, at *1 (E.D. Cal. Feb. 17,

4   2021)).)  Plaintiff does not challenge this point of law.

5         For all of these reasons, the Magistrate Judge properly found that the assessed RFC was

6   supported by substantial evidence in the record and that the ALJ did not have a duty to develop

7   the record further.

8         Accordingly,

9      1.    The findings and recommendations issued on June 9, 2023, (ECF No. 21), are

10           adopted in full;

11      2.    Plaintiff's motion for summary judgment, (ECF No. 15), is denied.

12      3.    Defendant's motion for summary judgment, (ECF No. 18), is granted, and the

13           decision of the Commissioner of Social Security is affirmed; and

14      4.    The Clerk of Court shall enter judgment in favor of Defendant, terminate any

15           deadlines, and close this case.

16

17

18   IT IS SO ORDERED.

19    Dated:   September 7, 2023                                   

20                UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28